KILPATRICK TOWNSEND & STOCKTON LLP
GREGORY S. GILCHRIST (State Bar No. 111536)
*ggilchrist@kilpatricktownsend.com*
RYAN BRICKER (State Bar No. 269100)
*rbricker@kilpatricktownsend.com*
Two Embarcadero Center, Suite 1900
San Francisco, California 94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300

Attorneys for Plaintiff
PATAGONIA, INC.

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION – LOS ANGELES

| | |
|---|---|
| PATAGONIA, INC.,<br><br>Plaintiff,<br><br>v.<br><br>DAZZLE UP, LLC,<br><br>Defendant. | Case No. 2:17-cv-5984<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, DILUTION AND COPYRIGHT INFRINGEMENT**<br><br>**JURY TRIAL DEMAND** |

This lawsuit is necessary to stop Dazzle Up, LLC ("Dazzle Up") from infringing, misusing, and trading on Patagonia, Inc.'s ("Patagonia") trademarks, copyrights, reputation, and goodwill. Dazzle Up is manufacturing, promoting, offering, and selling apparel products that bear a logo that mimics Patagonia's famous Fitz Roy logo trademark. To stop this conduct, Patagonia alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Patagonia is a California Corporation headquartered at 259 West Santa Clara Street, Ventura, California 93001. Patagonia has been designing, developing, and marketing clothing for more than forty years. Today, Patagonia and the

1  PATAGONIA® brand are famous around the world for innovative designs, quality
2  products, and environmental and corporate responsibility.
3      2.    On information and belief, Dazzle Up is a North Carolina limited
4  liability company with its principal place of business at 498 Gallimore Dairy Road,
5  Greensboro, North Carolina 27409. Dazzle Up promotes its apparel at
6  www.simplysoutherntees.com and through Facebook, Instagram, and Twitter, and,
7  Patagonia is informed and believes, other social media sites and e-commerce sites.
8      3.    Patagonia's claims involve an amount in controversy that exceeds
9  $75,000 exclusive of interest, fees and costs. The federal claims arise under the
10 Trademark Act of 1946 (the Lanham Act), as amended by the Trademark Dilution
11 Revision Act of 2006 (15 U.S.C. §§ 1051, *et seq.*). This Court has jurisdiction over
12 such claims pursuant to 28 U.S.C. §§ 1338(a) and 1338(b) (trademark and unfair
13 competition), 17 U.S.C. § 501 (copyright), 28 U.S.C. § 1331 (federal question) and
14 15 U.S.C. § 1121 (Lanham Act). This Court has jurisdiction over the state law
15 claims under 28 U.S.C. § 1367 (supplemental jurisdiction) and 28 U.S.C. § 1332
16 (diversity).
17     4.    This Court has personal jurisdiction over Dazzle Up because Dazzle Up
18 has purposefully availed itself of the privilege of doing business in this district.
19 Patagonia is informed and believes that Dazzle Up has offered and/or sold the
20 infringing products to residents of California and this judicial district.
21     5.    Venue is proper in this Court under 28 U.S.C. § 1391(b) because,
22 Patagonia is informed and believes, Dazzle Up transacts business in this district and
23 a substantial part of the events giving rise to the claims asserted arose in this district.

24                **FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**
25 **The History of Patagonia**
26     6.    Yvon Chouinard started Patagonia in the late 1960s to design and sell
27 climbing clothes and other active sportswear. He adopted the "PATAGONIA"
28 brand to differentiate the business from another family business that designed and

manufactured climbing gear and tools. PATAGONIA was chosen as the trademark to call to mind romantic visions of glaciers tumbling into fjords, jagged windswept peaks, gauchos and condors. Since at least 1973, the PATAGONIA brand has appeared on a label inspired by a silhouette of the jagged peaks of Mt. Fitz Roy skyline framed by a multi-colored sky (the "Fitz Roy logo").

7. In the more than forty years since Patagonia's business started, the PATAGONIA brand and the Fitz Roy logo have become one of the most identifiable brands in the world. Patagonia now sells products designed for climbing, skiing and snowboarding, surfing, fly fishing, and trail running, as well as sportswear, which are sold around the world. Patagonia also sells PATAGONIA gear and backpacks, food products and outfits babies and toddlers.

8. Over the years, Patagonia has earned accolades for every aspect of its business. Its products have won numerous awards for their technical merit, including most recently, Outside Magazine's Gear of the Year in 2014 and 2015; the National Geographic Adventure Blog "Gear of the Year" award in 2010, 2013, 2014, and 2016, and the Editor's Choice and Top Pick awards from OutdoorGearLab.

9. Patagonia also has won numerous awards and certifications for its business initiatives, including receiving the Sustainable Business Counsel's first "Lifetime Achievement Award." In 1996, with an increased awareness of the dangers of pesticide use and synthetic fertilizers used in conventional cotton growing, Patagonia began the exclusive use of organically grown cotton and has continued that use for twenty years. It was a founding member of the Fair Labor Association, which is an independent multi-stakeholder verification and training organization that audits apparel factories. Additionally, since 1985 Patagonia has pledged 1% of sales to grassroots environmental groups to preserve and restore our natural environment, donating more than $89 million. On "Black Friday" in November 2016, Patagonia committed to donating all of its worldwide sales to

grassroots environmental groups—totaling $10 million. In 2002, Patagonia's founder, Yvon Chouinard, along with others, created a non-profit called 1% For the Planet to encourage other businesses to do the same. Today, more than 1,200 member companies have donated more than $150 million to more than 3,300 nonprofits through 1% For the Planet. In 2012, Patagonia became one of California's first registered benefit corporations, ensuring Patagonia could codify into its corporate charter consideration of its workers, community, and the environment.

**The PATAGONIA Trademark**

10. Patagonia owns numerous registrations for and including the Fitz Roy logo and PATAGONIA trademarks, both together and alone, for a wide ranging assortment of products. Among these are the following U.S. trademark registrations:

| Trademark | Reg. No. / Reg. Date | Goods | Date of First Use |
|---|---|---|---|
| patagonia (logo) | 1294523/ Sept. 11, 1984 | Men's, Women's and Children's Clothing—Namely, Jackets, Pants, Vests, Gloves, Pullovers, Cardigans, Socks, Sweaters, Underwear, Shirts, Shorts, Skirts and Belts | 08/1974-1981 |
| (Fitz Roy mountain silhouette) | 1547469/ July 11, 1989 | Men's, Women's and Children's Clothing—Namely, Jackets, Pants, Shirts, Sweaters, Vests, Skirts, Underwear Tops and Bottoms, Socks, Gloves, Mittens, Hats, Face Masks, Balaclava, Gaiters, and Belts | 08/1974 |
| patagonia (with Fitz Roy logo) | 1775623/ June 8, 1993 | Luggage back packs, and all-purpose sports bags | 08/1988 |

These registrations are in full force and effect. Each has become incontestable under 15 U.S.C. § 1065. Collectively, these marks, Patagonia's other registered trademarks, and its common law marks are referred to as the "PATAGONIA trademark." An example of the PATAGONIA trademark in use is as follows:



11. The PATAGONIA trademark is registered throughout the world; it is distinctive, arbitrary and fanciful, and is entitled to the broadest scope of protection.

12. For many years prior to the events giving rise to this Complaint and continuing to the present, Patagonia annually has spent enormous amounts of time, money, and effort advertising and promoting the products on which its PATAGONIA trademark is used. PATAGONIA brand products are advertised in print and on the Internet. In addition to advertising by Patagonia, the PATAGONIA trademark is also advertised and promoted and presented at point of sale by numerous retailers. Consumers, accordingly, are exposed to the PATAGONIA trademark in a variety of shopping and post-sale contexts.

13. Patagonia has sold its PATAGONIA brand products all over the world, including throughout the United States and California. Through its promotion and investment in its brand and extensive sales, publicity, awards and leadership in sustainable sourcing practices, Patagonia has acquired enormous goodwill in its PATAGONIA trademark. The PATAGONIA trademark is famous within the meaning of the Trademark Dilution Revision Act, enjoys strong consumer recognition, and is recognized around the world and throughout the United States by consumers as signifying high quality products made by a responsible company.

/ / /



14. Patagonia also owns a registered copyright (Reg. No. VA 1-801-788) for the Fitz Roy logo.

**Dazzle Up's Infringement of Patagonia's Trademark Rights**

15. Patagonia is informed and believes that long after the PATAGONIA trademark became famous, Dazzle Up began marketing and selling apparel throughout the United States that bear a copycat logo. A table follows, comparing Dazzle Up's infringing design with the PATAGONIA trademark and examples of Patagonia's use of the PATAGONIA trademark:

| PATAGONIA Trademark | Dazzle Up Product |
|---|---|
| patagonia logo |  |

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /



COMPLAINT
Case No. 2:17-cv-5984 - 6 -

| PATAGONIA Trademark | Dazzle Up Product |
|---|---|
|  | |

16. As is immediately evident, even from a close side-by-side comparison, Dazzle Up's design reproduces a nearly identical copy of the PATAGONIA trademark. Dazzle Up uses the same silhouetting effect against an unevenly striped sky in the background, and renders the "don't care" text in a font that is similar to the one used in the PATAGONIA trademark. Except as a deliberate reference to the PATAGONIA trademark, there is no explanation for the degree of copying involved in Dazzle Up's logo.

17. Dazzle Up's copying of Patagonia's trademark and artwork has caused or will cause a likelihood of confusion among consumers regarding the source of Dazzle Up's products and whether Patagonia has sponsored, licensed, authorized, or is somehow affiliated with Dazzle Up.

18. Dazzle Up's use of its infringing logo is also likely to dilute Patagonia's famous and distinctive mark by diminishing its distinctiveness and its

singular association with Patagonia. Patagonia has no alternative but to protect its goodwill and famous trademark by obtaining an injunction against Dazzle Up's further use of its derivative logo.

19. Patagonia is informed and believes that Dazzle Up has manufactured, marketed and sold substantial quantities of products bearing infringing designations, logos, and/or artwork, and has profited and continues to profit from such sales.

20. Dazzle Up's actions have caused and will cause Patagonia irreparable harm for which money damages and other remedies are inadequate. Unless Dazzle Up is restrained by this Court, it will continue and continue expanding its illegal activities and otherwise continue to cause irreparable damage and injury to Patagonia by, among other things:

    a. Depriving Patagonia of its statutory rights to use and control use of its trademark and copyright;

    b. Creating a likelihood of confusion, mistake and deception among consumers and the trade as to the source of the infringing products;

    c. Causing the public falsely to associate Patagonia with Dazzle Up and/or its products, or vice versa;

    d. Causing incalculable and irreparable damage to Patagonia's goodwill and diluting the capacity of its famous PATAGONIA trademark to differentiate its products from those of its competitors; and

    e. Causing Patagonia to lose sales of its genuine PATAGONIA products.

21. Accordingly, in addition to other relief, Patagonia is entitled to injunctive relief against Dazzle Up and all persons acting in concert with it.

/ / /
/ / /
/ / /
/ / /

## FIRST CLAIM
## FEDERAL TRADEMARK INFRINGEMENT
### (15 U.S.C. §§ 1114-1117)

22. Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 21 of this Complaint.

23. Dazzle Up has used, in connection with the sale, offering for sale, distribution or advertising of its Dazzle Up products, words and symbols that infringe upon Patagonia's PATAGONIA trademark.

24. These acts of trademark infringement have been committed with the intent to cause confusion, mistake, or deception, and are in violation of 15 U.S.C. § 1114.

25. As a direct and proximate result of Dazzle Up's conduct, Patagonia is entitled to recover up to treble the amount of Dazzle Up's unlawful profits and Patagonia's damages and an award of attorneys' fees under 15 U.S.C. §§ 1117(a).

26. Patagonia is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a) that requires Dazzle Up to stop use of the infringing designations and logos.

## SECOND CLAIM
## FEDERAL UNFAIR COMPETITION
### (False Designation of Origin and False Description)
### (15 U.S.C. § 1125(a))

27. Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 26 of this Complaint.

28. Dazzle Up's conduct as alleged in this Complaint constitutes the use of symbols or devices tending falsely to describe the infringing products, within the meaning of 15 U.S.C. § 1125(a)(1). Dazzle Up's conduct is likely to cause confusion, mistake, or deception by or in the public as to the affiliation, connection, association, origin, sponsorship or approval of the infringing products to the detriment of Patagonia and in violation of 15 U.S.C. § 1125(a)(1).



1  29. As a direct and proximate result of Dazzle Up's conduct, Patagonia is entitled to recover up to treble the amount of Dazzle Up's unlawful profits and Patagonia's damages, and an award of attorneys' fees under 15 U.S.C. §§ 1117(a).

30. Patagonia is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a) that requires Dazzle Up to stop use of the infringing designations and logos.

## THIRD CLAIM

## FEDERAL DILUTION OF FAMOUS MARK

**(Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c))**

31. Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 30 of this Complaint.

32. Patagonia's PATAGONIA trademark is distinctive and famous within the meaning of the Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c), and was famous prior to Dazzle Up's adoption of its copycat logos.

33. Dazzle Up's conduct is likely to cause dilution of Patagonia's PATAGONIA trademark by diminishing its distinctiveness in violation of the Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c).

34. As a direct and proximate result of Dazzle Up's conduct, Patagonia is entitled to recover up to treble the amount of Dazzle Up's unlawful profits and Patagonia's damages, and an award of attorneys' fees under 15 U.S.C. §§ 1116(a), 1117(a) and 1125(c).

35. Patagonia is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a) and 1125(c) that requires Dazzle Up to stop use of the infringing designations and logos.

## FOURTH CLAIM

## CALIFORNIA UNFAIR COMPETITION

**(Cal. Bus. & Prof. Code § 17200)**

36. Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 35 of this Complaint.



COMPLAINT
Case No. 2:17-cv-5984

- 10 -

37. Dazzle Up's conduct as alleged in this Complaint constitutes "unlawful, unfair or fraudulent business act[s] or practice[s] and unfair, deceptive, untrue or misleading advertising" within the meaning of California Business & Professions Code section 17200.

38. As a result of Dazzle Up's conduct, Patagonia is entitled to injunctive relief that requires Dazzle Up to stop use of the infringing designations and logos.

## FOURTH CLAIM
## CALIFORNIA DILUTION AND TRADEMARK INFRINGEMENT
### (Cal. Bus. & Prof. Code §§ 14245, 14247, 14250)

39. Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 38 of this Complaint.

40. Dazzle Up's infringement of Patagonia's PATAGONIA trademark is likely to cause consumer confusion and dilution of Patagonia's mark in violation of California Business & Professions Code sections 14245 and 14247.

41. Dazzle Up infringed and diluted Patagonia's PATAGONIA trademark with knowledge and intent to cause confusion, mistake, or deception.

42. Dazzle Up's conduct is aggravated by that kind of willfulness, wantonness, malice, and conscious indifference to the rights and welfare of Patagonia for which California law allows the imposition of exemplary damages.

43. Pursuant to California Business & Professions Code sections 14247 and 14250, Patagonia is entitled to injunctive relief and damages in the amount of three times Dazzle Up's profits and three times all damages suffered by Patagonia by reason of Dazzle Up's manufacture, use, display, or sale of goods bearing infringing designations and logos.

/ / /

/ / /

/ / /

/ / /



# FIFTH CLAIM
## FEDERAL COPYRIGHT INFRINGEMENT
### (17 U.S.C. §§ 101, *et seq.* and 17 U.S.C. §§ 501, *et seq.*)

44. Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 43 of this Complaint.

45. Patagonia owns the copyrights for its Fitz Roy logo, which, on information and belief, was federally registered before Dazzle Up began marketing and selling products bearing its copycat logo.

46. Dazzle Up has copied, advertised, offered for sale and/or sold products bearing a copy of the Fitz Roy logo without Patagonia's authorization or permission and in violation of Patagonia's exclusive rights in its copyrights.

47. Dazzle Up's unlawful reproduction, advertisement, distribution, and/or sale of Patagonia's proprietary designs constitutes copyright infringement. Patagonia alleges that Defendants acted intentionally, willfully and in bad faith when they reproduced, advertised, distributed, displayed, and/or sold the infringing designs.

48. Dazzle Up's infringement alleged herein has caused and if not enjoined will continue to cause Patagonia to suffer irreparable harm for which there is no adequate remedy at law, and has also caused damage to Patagonia in an amount which cannot be accurately computed at this time but will be proven at trial.

49. As a direct and proximate result of Dazzle Up's conduct, Patagonia is entitled to injunctive relief, as well as actual damages and any profits earned by Defendants as a result of their infringement, or statutory damages of up to $150,000 for each work infringed, at Patagonia's election (17 U.S.C. § 504).

50. As a direct and proximate result of Dazzle Up's infringing conduct, Patagonia is entitled to recover its costs and attorney's fees (17 U.S.C. § 504).

/ / /

/ / /



# **PRAYER FOR JUDGMENT**

WHEREFORE, Patagonia prays that this Court grant it the following relief:

1. Adjudge that Patagonia's trademark has been infringed by Dazzle Up in violation of Patagonia's rights under 15 U.S.C. § 1114;

2. Adjudge that Dazzle Up has falsely designated its products in violation of Patagonia's rights under 15 U.S.C. § 1125(a);

3. Adjudge that Dazzle Up's activities are likely to dilute Patagonia's famous PATAGONIA trademark in violation of Patagonia's rights under 15 U.S.C. § 1125(c);

4. Adjudge that Dazzle Up and its agents, employees, attorneys, successors, assigns, affiliates, and joint ventures and any person(s) in active concert or participation with it, and/or any person(s) acting for, with, by, through or under it, be enjoined and restrained at first during the pendency of this action and thereafter permanently from:

   a. Manufacturing, producing, sourcing, importing, selling, offering for sale, distributing, advertising, or promoting any goods or services that display any words or symbols that so resemble Patagonia's PATAGONIA trademark as to be likely to cause confusion, mistake or deception, on or in connection with any product that is not authorized by or for Patagonia, including without limitation any product or service that bears a logo or designation that is similar to the PATAGONIA trademark;

   b. Using any word, term, name, symbol, device or combination that causes or is likely to cause confusion, mistake or deception as to the affiliation or association of Dazzle Up or its products with Patagonia or as to the origin of Dazzle Up's goods, or any false designation of origin, false or misleading description or representation of fact, or any false or misleading advertising; or likely dilution of the PATAGONIA trademark;

/ / /

1          c.      Further infringing the rights of Patagonia in and to its PATAGONIA trademark, or otherwise damaging Patagonia's goodwill or business reputation;

         d.      Further diluting the famous PATAGONIA trademark;

         e.      Otherwise competing unfairly with Patagonia in any manner; and

         f.      Continuing to perform in any manner whatsoever any of the other acts complained of in this Complaint;

     5.      Adjudge that Dazzle Up and its agents, employees, attorneys, successors, assigns, affiliates, and joint ventures and any person(s) in active concert or participation with it, and/or any person(s) acting for, with, by, through or under it, be enjoined and restrained at first during the pendency of this action and thereafter permanently from:

         a.      Distributing, reproducing, or otherwise disseminating Patagonia's copyrighted Fitz Roy logo, including on apparel products;

         b.      Preparing any derivative works that are based on or incorporate the Fitz Roy logo or any other copyrighted materials owned by Patagonia;

         c.      Otherwise infringing any of Patagonia's rights under the Copyright Act and any other source of federal or state law.

     6.      Adjudge that Dazzle Up be required immediately to deliver to Patagonia's counsel its entire inventory of infringing products, including, without limitation, all apparel, packaging, labeling, advertising and promotional material, and all plates, patterns, molds, matrices, and other material for producing or printing such items, that are in its possession or subject to its control and that infringe Patagonia's trademarks as alleged in this Complaint;

     7.      Adjudge that Dazzle Up, within thirty (30) days after service of the Court's judgment be required to file with this Court and serve upon Patagonia's counsel a written report under oath setting forth in detail the manner in which it has complied with the judgment;



8. Adjudge that Patagonia recover from Dazzle Up its damages and lost profits, and Dazzle Up's profits, in an amount to be proven at trial;

9. Adjudge that Dazzle Up be required to account for any profits that are attributable to its illegal acts, and that Patagonia be awarded (1) Dazzle Up's profits and (2) all damages sustained by Patagonia, under 15 U.S.C. § 1117, plus prejudgment interest;

10. Adjudge that the amounts awarded to Patagonia pursuant to 15 U.S.C. § 1117 shall be trebled;

11. Order an accounting of and impose a constructive trust on all of Dazzle Up's funds and assets that arise out of Dazzle Up's infringing activities;

12. Adjudge that Patagonia be awarded its costs and disbursements incurred in connection with this action, including Patagonia's reasonable attorneys' fees and investigative expenses; and

13. Adjudge that all such other relief be awarded to Patagonia as this Court deems just and proper.

DATED: August 11, 2017

Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

By: */s/ Gregory S. Gilchrist*
GREGORY S. GILCHRIST
RYAN BRICKER

Attorneys for Plaintiff
PATAGONIA, INC.



## DEMAND FOR JURY TRIAL

Patagonia, Inc. demands that this action be tried to a jury.

DATED: August 11, 2017         Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP


By: */s/ Gregory S. Gilchrist*
GREGORY S. GILCHRIST
RYAN BRICKER

Attorneys for Plaintiff
PATAGONIA, INC.

70032876V.1



COMPLAINT
Case No. 2:17-cv-5984                                                                                      - 16 -